UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORNELIUS RIVERS,<br><br>Defendant. | Case No. 25-CR-10068-AK |

## NOTICE OF SENTENCING HEARING

**ANGEL KELLEY, D.J.**

A plea of guilty, or a verdict of guilty, having been entered on **March 21, 2025**, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

**I.   PRE-SENTENCE INVESTIGATION**

   A. The United States Probation Office shall commence immediately the pre-sentence investigation unless as provided in Federal Rule of Criminal Procedure 32(c)(1)(A).

   B. The Probation Office shall prepare pre-sentence investigation reports in the order in which the requests from the Court are received.

**II.   STATEMENT OF RELEVANT FACTS**

   A. Not later than seven days after the plea or verdict (on or before **March 28, 2025**), the attorney for the government shall provide to the United States Probation Office a statement of relevant facts and any other documents pertinent under Federal Rule of Criminal Procedure 32(d) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

**III.   SUBMISSION OF INFORMATION REGARDING IDENTIFABILE VICTIMS [IFAPPLICABLE]**

   A. Not later than seven days after the plea or verdict (on or before **March 28, 2025**), the attorney for the government shall provide to the United States Probation Office a written statement setting forth the names of the victims, their contact information/addresses and the amount of loss sustained by each victim/restitution owed to each victim pursuant to Federal Rule of Criminal Procedure 32(c)(1)(B).

IV. **INTERVIEW OF DEFENDANT**

    A. The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

    B. The Probation Office shall schedule an interview with the defendant to be held within seven days after the plea/verdict or within such additional period of time as the Court may order.

    C. If the defendant is in custody, the United States Marshal shall, by request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

V. **PRETRIAL SERVICES RESPONSIBILITY**

    A. Pretrial Services shall provide to the Probation Office all documents in the possession of Pretrial Services that may be relevant to the pre-sentence investigation, including a copy of the Pretrial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

VI. **DATE OF SENTENCING**

    A. The sentencing hearing (and sentencing) is scheduled to occur at **2:30 PM** on **August 20, 2025**, in Courtroom 8, 3rd Floor, John Joseph Moakley United States Courthouse, Boston. This date is to be not sooner than twelve (12) weeks after the date of the plea/verdict, in order to permit the following:

        1. The Probation Office shall have **seven (7) weeks after the date of plea/verdict** for the preparation and disclosure of the initial report.

        2. The Probation Office shall disclose the initial report to defense counsel and government counsel **no less than five (5) weeks before the sentencing hearing** unless the defendant expressly waives the minimum five-week pre-sentencing notification period.

        3. The date when disclosure has been effected to each attorney is the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report no later than 3:00 p.m. on the date disclosure is due. It is the responsibility of the defense counsel to disclose the presentence report to the defendant and to discuss it with and explain it to the defendant.

VII.  **OBJECTIONS PROCEDURE**

   A. **Within fourteen (14) days after disclosure of the report**, attorneys for the government and the defendant shall advise the probation officer and each other in writing of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the report.

   B. The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary. The probation officer may require counsel for both parties to confer with the probation officer to identify and attempt to resolve any factual or legal disputes which may require hearing by the Court.

VIII. **FINAL PRE-SENTENCE REPORT**

   A. **Not later than August 6, 2025**, the probation officer shall submit to the Court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for these objections and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the Court as accurate. The Court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

IX. **HEARING AND COUNSEL'S OBJECTIONS**

   A. Counsel are to advise the Court **no later than August 13, 2025,** or no later than seven (7) business days before the sentencing hearing if the hearing is rescheduled after issuance of this Order:

      1. whether either party will move for a departure from the applicable guideline range or will move for a non-guideline sentence;

      2. whether there are legal questions not adequately addressed in the presentence report or not addressed at all;

      3. whether the parties intend to call witnesses;

      4. whether the government anticipates victim impact statements; and

      5. whether there are factual issues which the parties contend require an evidentiary hearing.

B.  Counsel must file any sentencing memorandum or motion for departure or variance with the Court **no later than August 13, 2025,** or no later than seven (7) business days before the sentencing hearing if the hearing is rescheduled after issuance of this Order.

C.  A copy of the memorandum and any submissions addressing sentencing issues submitted by counsel must also be provided to the probation officer seven (7) business days in advance of the sentencing hearing.

D.  The schedule set forth in this Order may be modified by the Court for good cause shown.

E.  Disclosure of the pre-sentence report is made under the provisions of Federal Rule of Criminal Procedure 32, except that the Probation Office shall not disclose any recommendation it made to the Court as to an appropriate sentence. Any such recommendation made to the Court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

**SO ORDERED.**

Dated: March 21, 2025                                /s/ Angel Kelley
                                                    Hon. Angel Kelley
                                                    United States District Judge