UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )     Criminal No. 25-CR-10068-AK<br>)<br>CORNELIUS RIVERS,                 )<br>)<br>Defendant.                        ) | |

**<u>UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)</u>**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On February 25, 2025, the United States Attorney for the District of Massachusetts filed a two-count Information, charging defendant Cornelius Rivers (the "Defendant"), with Conspiracy to Commit Honest Services Mail Fraud, in violation of 18 U.S.C. § 1349 (Count One), and Conspiracy to Commit Extortion, in violation of 18 U.S.C. § 1951 (Count Two).

2. The Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two of the Information, of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses. Such property

specifically included, without limitation:

        a.      $26,200 to be entered in the form of a forfeiture money judgment.

3.      The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in Paragraph 2 above.

4.      On March 21, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information. The Defendant has agreed to forfeit to the United States $26,200.

5.      Based on the Defendant's admissions and his guilty plea on March 21, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $26,200, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The amount represents the proceeds of the Defendant's crimes.

6.      The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in*

*personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

7.  Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

8.  Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c); *see also United States v. Saccoccia*, 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of

their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a)     enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)     retain jurisdiction in this case for purposes of enforcing the forfeiture;

(c)     include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d)     incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   /s/ *Raquelle L. Kaye*
CHRISTINE WICHERS
RAQUELLE L. KAYE
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
raquelle.kaye@usdoj.gov

Dated: August 6, 2025

4